IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **JACKY DEMOSTHENE**, *et al.*, on behalf of themselves and others similarly situated, ) ) ) | Case No. 1:24-cv-00225-JLS-MJR |
| ) | Judge John L. Sinatra |
| Plaintiffs, ) ) | Magistrate Judge Michael J. Roemer |
| vs. ) ) | |
| **ROSINA FOOD PRODUCTS, INC.**, ) ) | |
| Defendant. ) | |

### PLAINTIFFS' REPLY TO DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION TO PROCEED AS A COLLECTIVE ACTION UNDER THE FLSA[1]

Plaintiffs Jacky Demosthene, *et al.*, on behalf of themselves and others similarly situated, (collectively "Plaintiffs") submit this Reply to Defendant Rosina Food Product's ("Defendant") Memorandum of Law in Opposition to Plaintiffs' Motion to Proceed as a Collective Action Under the FLSA.

Respectfully submitted,

**NILGES DRAHER LLC**

*/s/ Hans A. Nilges*
Hans A. Nilges (OH 0076017)
7034 Braucher Street NW, Suite B
North Canton, OH 44720
Telephone: 330-470-4428
Facsimile: 330-754-1430
Email:  hnilges@ohlaborlaw.com

Robi J. Baishnab (OH 0086195)
1360 E. 9th Street, Suite 808
Cleveland, OH 44114
Telephone: 216-230-2955
Facsimile: 330-754-1430
Email: rbaishnab@ohlaborlaw.com

*Counsel for Plaintiffs*

---

[1] Plaintiffs' Motion is entitled Motion for Conditional Certification and Court-Supervised Notice to Potential Opt-In Plaintiffs (ECF No. 13).

i

**TABLE OF CONTENTS**

TABLE OF CONTENTS ............................................................................................................... ii
TABLE OF AUTHORITIES ........................................................................................................ ii
I.      INTRODUCTION AND BACKGROUND ....................................................................... 1
II.     LAW AND ARGUMENT ................................................................................................. 2
        A.      Defendant's merit-based arguments are premature............................................... 2
        B.      Defendant's non-integral and the *de minimis* arguments are also premature. ........... 6
        C.      Plaintiffs' proposed notice is appropriate. .............................................................. 9
                1.      The statute of limitations period for FLSA notice should extend to
                        three years prior to the Tolling Agreement. ................................................ 9
                2.      The scope of the proposed notice is not overly broad. ............................. 10
III.    CONCLUSION ................................................................................................................ 10

**TABLE OF AUTHORITIES**

*Addison v. Huron Stevedoring Corp.*, 204 F.2d 88 (2d Cir. 1953) .................................................. 8

*Albrecht v. Wackenhut Corp.*, No. 07-cv-6162, 2009 U.S. Dist. LEXIS 88073 (W.D.N.Y.
    Sept. 24, 2009) ......................................................................................................................... 7

*Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680 (1946) ....................................................... 8, 9

*Chengxue Sun v. New G Nails & Spa Inc.*, Case No. 22-cv-5523, 2023 U.S. Dist. LEXIS
    150449 (E.D.N.Y. Aug. 25, 2023) ........................................................................................... 9

*Cohen v. Gerson Lehrman Group, Inc.*, 686 F. Supp. 2d 317 (S.D.N.Y. 2010) ............................. 9

*Cunningham v. Elec. Data Sys. Corp.*, 754 F. Supp. 2d 638 (S.D.N.Y. 2010) ............................... 5

*Davella v. Ellis Hosp., Inc.*, Case No. 1:20-CV-726, 2023 U.S. Dist. LEXIS 146610
    (N.D.N.Y. Aug. 21, 2023) ............................................................................................... 3, 5, 9

*Helmert v. Butterball*, 805 F. Supp. 2d 655 (E.D. Ark. July 27, 2011) ......................................... 7

*Hernandez v. NGM Mgmt. Grp. LLC*, No. 12-CV-7795, 2013 U.S. Dist. LEXIS 134922,
    2013 WL 5303766 (S.D.N.Y. Sept. 20, 2013) ........................................................................ 3

*Holick v. Cellular Sales of N.Y., LLC*, No. 12-cv-584, 2019 U.S. Dist. LEXIS 70399
    (N.D.N.Y. Apr. 26, 2019) ........................................................................................................ 4

*Imbarrato v. Banta Mgmt. Servs.*, Case No. 18-cv-5422 (NSR), 2020 U.S. Dist. LEXIS
    49740 (S.D.N.Y. Mar. 20, 2020) ............................................................................................. 9

*Infantino v. Sealand Contractors Corp.*, 565 F. Supp. 3d 347 (W.D.N.Y. 2021) ..................... 2, 3

*Integrity Staffing Sols., Inc. v. Busk*, 574 U.S. 27 (2014) ............................................................. 6

*Lijun Geng v. Shu Han Ju Rest. II Corp.*, Case No. 18-cv-12220, 2019 U.S. Dist. LEXIS 154246 (S.D.N.Y. Sept. 6, 2019) ................................................................................................ 3

*Lindow v. United States*, 738 F.2d 1057 (9th Cir. 1984) ............................................................. 8, 9

*Lynch v. United Servs. Auto. Ass'n*, 491 F. Supp. 2d 357 (S.D.N.Y. 2007) .................................... 3

*Mitchell v. King Packing Co.*, 350 U.S. 260 (1956) ......................................................................... 6

*Morris v. Alle Processing Corp.*, No. 08-CV-4874, 2009 U.S. Dist. LEXIS 150559 (E.D.N.Y. Dec. 22, 2009) ............................................................................................................ 6

*Myers v. Hertz Corp.*, 624 F.3d 537, 555 (2d Cir. 2010) ................................................................ 3

*Pequero v. Montafon, LLC*, No. 18cv12187 (DF), 2020 U.S. Dist. LEXIS 125500 (S.D.N.Y. July 15, 2020) ................................................................................................................ 9

*Perez v. City of N.Y.*, 832 F.3d 120 (2d Cir. 2016) ..................................................................... 6, 7

*Perez v. Mountaire Farms*, 650 F. 3d 350 (4th Cir. 2011) ............................................................. 8

*Perry v. City of New York*, 78 F.4th 502 (2d Cir. 2023) .............................................................. 7, 8

*Scott v. Chipotle Mexican Grill, Inc.*, 954 F.3d 502 (2d Cir. 2020) ............................................... 4

*Valerio v. RNC Indus., LLC*, 314 F.R.D. 61 (E.D.N.Y. 2016) ....................................................... 3

I.     **INTRODUCTION AND BACKGROUND**

Defendant's Opposition to Plaintiffs' Motion ("Opposition") is entirely based on premature merit-based arguments, including requests for the Court to weigh competing factual allegations, make credibility findings, determine ultimate liability, and assess damages. (Opposition to Conditional Certification, ECF No. 22, p. 1-2). The Court should reject Defendant's arguments because they are more appropriate for the second, final certification/decertification stage and are contradicted by admissions in Defendant's Answer and recent discovery responses.

As explained in more detail below, Plaintiffs have met their low burden at this first step of conditional certification. The declarations attached to Plaintiffs' opening brief, the Rule 1006 report from Robert G. Moulder, PhD, and Defendant's Answer and recent discovery responses exceed the modest showing required by the Second Circuit to demonstrate that the putative collective members are similarly situated to Plaintiffs. Thus, the Court should grant Plaintiffs' Motion and authorize FLSA notice.

Plaintiffs' Complaint alleges that Defendant failed to properly compensate hourly production employees for time spent donning and doffing sanitary gear, such as a hairnet, gloves, and a lab coat or sanitary smock ("Sanitary Clothing"). (Complaint, ECF No. 1, at ¶ 21; Sworn declarations supporting Plaintiffs' Motion, ECF No. 13, Exs. 2-6). Such work is compensable because the Sanitary Clothing was worn for the purpose of preventing the risk of contaminating food that Defendant processed, manufactured and packaged for human consumption, rather than protecting or otherwise primarily benefiting employees. (ECF No. 1, at ¶ 23; Answer, ECF No. 10, ¶¶ 18-19, 39, 41-42; ECF No. 13, Exs. 2-6). The required Sanitary Clothing helps prevent the spread of foodborne illness and disease and is a legal requirement for Defendant's production employees under the Food, Drug, and Cosmetic Act. (ECF No. 1, at ¶¶ 26-27, 31).

The declarations submitted by Plaintiffs in support of their Motion show they had the same

experiences—i.e., they were required to don and doff Sanitary Clothing needed to perform their jobs without pay resulting in the underpayment of overtime. (ECF No. 1, at ¶¶ 26-27, 31; ECF No. 13, Exs. 2-6). Specifically, Defendant rounded this work time and paid them only at the start of their shift time. Defendant's Opposition essentially concedes that this work is completed without pay, but instead prematurely argues that the unpaid work is not compensable or is *de minimis*.

Indeed, in the attached recent discovery responses, Defendant acknowledges its employees don and doff Sanitary Clothing in various forms across sites, and implicitly, if not explicitly, admits that it rounds employee time and pays them only from the start of their shifts. (*See e.g.*, **Exhibit B**, Responses to Interrogatories numbers 3, 4, and 5, identifying the same exact timeclock systems across multiple years regardless of location or job title, the same exact RFID badge process, and admitting that even when an employee clocks in early, "compensation begins at their scheduled start time", but such rounding does not go the other way if "employee clocks in after their scheduled start time."). As further discussed below, such unpaid time is not *de minimis*, as Dr. Moulder's report shows approximately 93% of employees spend on average 9 minutes per day donning and doffing Sanitary Clothing. (**Exhibit A**).

This evidence alone more than exceeds Plaintiffs burden, as Courts consistently grant conditional certification based on evidence similar to (and less than) that presented by Plaintiffs here. The Court should reject Defendant's premature, merit-based arguments which are only appropriately raised during the second step of certification, after discovery is completed.

## II.   LAW AND ARGUMENT

### A. Defendant's merit-based arguments are premature.

District Courts in the Second Circuit utilize a two-step certification process for FLSA collective actions. *Infantino v. Sealand Contractors Corp.*, 565 F. Supp. 3d 347, 364 (W.D.N.Y. 2021) (citations omitted). Conditional certification is the first step wherein "the court reviews the

pleadings, as well as any affidavits or declarations, and determines whether the proposed class members are similarly situated." *Id.* The plaintiff need only make a modest factual showing that there is "a 'factual nexus' between the circumstances giving rise to their claims and the circumstances of those individuals" who are part of the putative collective and that the other putative collective action members "together were victims of a common policy or plan that violated the law." *Id.* at 365; *Myers v. Hertz Corp.*, 624 F.3d 537, 555 (2d Cir. 2010). The evidentiary standard is lenient in the first step with a low standard of proof because the purpose is to "merely determine whether 'similarly situated' plaintiffs do in fact exist. *Infantino*, 565 F. Supp. 3d at 365; *Myers*, 624 F.3d at 555; *see Davella v. Ellis Hosp., Inc.*, Case No. 1:20-CV-726, 2023 U.S. Dist. LEXIS 146610, at *8 (N.D.N.Y. Aug. 21, 2023) ("[A] court's role at this stage is procedural; a court is not yet resolving factual disputes or deciding the substance of the merits."); *Lijun Geng v. Shu Han Ju Rest. II Corp.*, Case No. 18-cv-12220, 2019 U.S. Dist. LEXIS 154246, *19 (S.D.N.Y. Sept. 6, 2019) ("'At this procedural stage, the court does not resolve factual disputes, decide substantive issues going to the ultimate merits, or make credibility determinations.'"). "A court should not weigh the merits of the underlying claims in determining whether potential opt-in plaintiffs may be similarly situated." *Davella*, 2023 U.S. Dist. LEXIS 146610, at *8-9 (citing *Lynch v. United Servs. Auto. Ass'n*, 491 F. Supp. 2d 357, 368 (S.D.N.Y. 2007)). In considering a motion for conditional certification, the court must draw all inferences in favor of the plaintiff. *Id.*

In *Davella*, the court found that "minimal information, such as a pleading or affidavit, is sufficient to allege a common policy affecting similarly situated employees." *Davella*, 2023 U.S. Dist. LEXIS 146610, at *12-13; *see Valerio v. RNC Indus., LLC*, 314 F.R.D. 61, 66 (E.D.N.Y. 2016) (quoting *Hernandez v. NGM Mgmt. Grp. LLC*, No. 12-CV-7795, 2013 U.S. Dist. LEXIS 134922, 2013 WL 5303766, *3 (S.D.N.Y. Sept. 20, 2013)) ("[C]ourts have routinely found that the

3

allegations in the pleadings and the 'personal observations of one plaintiff's affidavit' are 'sufficient to make the modest factual showing necessary to conditionally certify [a] class'"); *see also Scott v. Chipotle Mexican Grill, Inc.*, 954 F.3d 502, 515 (2d Cir. 2020) (Plaintiff's substantial allegations are all that is needed for conditional certification).

Defendant asks this Court to deny conditional certification at this first step because the putative collective members have different job duties. (ECF No. 22, p. 6). Defendant supports its position by citing to *Holick v. Cellular Sales of N.Y., LLC*, No. 12-cv-584, 2019 U.S. Dist. LEXIS 70399, at *2 (N.D.N.Y. Apr. 26, 2019), which found that the plaintiffs' "disparate and highly individualized experiences with the [defendants were] not conducive to the production of representative evidence required to proceed collectively." However, *Holick* is inapposite as to the issues in the present action. *Holick* involved misclassification of employees as independent contractors and whether there was enough evidence, such as how the sales teams were treated for tax purposes, the ability to hire workers, etc., to show commonality to permit the collective action to move forward. *Id.* at *9, 14-16.

The present action relates to food production employees who were *all* involved in the manufacturing, packaging, or handling of food or food products and had to don and doff Sanitary Clothing when performing their job duties. (*See* ECF No. 13, Exs. 2-6). In addition, Defendant has admitted that Plaintiffs and others similarly situated use some form of sanitary gear that they don and doff when working. (*See* ECF No. 22, p. 3; ECF No. 10, ¶¶ 16-19, 39, 41, 42, 63, 64[2]). This was further confirmed in Defendant's recent discovery responses, wherein Defendant

---

[2] Defendant admitted that Plaintiffs and other similarly situated employees worked as production workers in its New York food production facility within the last six years, were involved in manufacturing, packaging, and handling food, and were required to wear personal protective equipment, and also admitted that "certain employees were subject to a rounding policy."

4

acknowledges its employees don and doff Sanitary Clothing in various forms across sites. (**Ex. A**, at Response No. 2). Interestingly, notwithstanding Defendant's premature arguments concerning differences between its employees, it acknowledges in its Interrogatory Responses numbers 3 and 4 that employees use the same time keeping system and time sheets regardless of their job. (*Id*. at Response Nos. 3-4). Interrogatory number 5 states that "pre-shift clock-ins are logged, but . . . compensation begins at their scheduled start time." (*Id*. at Response No. 5).

As detailed in Plaintiffs' Motion, the unpaid donning and doffing time was integral and indispensable to their work. That is, Plaintiffs and the putative collective members were all required to don and doff Sanitary Clothing because they were in contact with food, food-contact surfaces, or food packaging materials, making them similarly situated. Just because they may have performed different jobs, they still had to wear this protective sanitary gear to prevent food contamination. This time was unpaid due to Defendant's admitted timekeeping and pay polices, whereby they pay employees only from the start of their shift. (**Ex. B**, at Response No. 5).

Defendant's premature merit-based arguments to the contrary should be ignored at this first stage of conditional certification. Individualized inquiries as to the different work activities or job duties, and time spent donning and doffing sanitary gear, can be revisited at the second step determination, because the court will have a "fuller record" to "determine whether a so-called 'collective action' may go forward." *Davella*, 2023 U.S. Dist. LEXIS 146610, at *9; *see Cunningham v. Elec. Data Sys. Corp.*, 754 F. Supp. 2d 638, 644 (S.D.N.Y. 2010).

Plaintiffs have presented sufficient evidence, by way of declarations from Plaintiffs and the Opt-In Plaintiffs and factual allegations in the Complaint, to make a "modest factual showing" that the putative collective are similarly situated and victims of Defendant's common policy or practice that violated the FLSA.

### B. Defendant's non-integral and the *de minimis* arguments are also premature.

Defendant prematurely argues that the need for Sanitary Clothing is neither integral nor dispensable to the work Plaintiffs and the putative collective members perform. Defendant further argues that, even if it is deemed integral and indispensable, the amount of time spent donning and doffing is *de minimis*. Not only is this inaccurate, but this is another merit-based determination that is not ripe until this matter reaches the second step of certification. Regardless, as explained in more detail below, Defendant's food production employees' donning and doffing of Sanitary Clothing is integral and indispensable to their job duties and the time spent doing so is compensable and not *de minimis*.

As the Supreme Court has established, "an activity is integral and indispensable to the principal activities that an employee is employed to perform—and thus compensable under the FLSA—if it is an intrinsic element of those activities and one with which the employee cannot dispense if he is to perform his principal activities." *Integrity Staffing Sols., Inc. v. Busk*, 574 U.S. 27 (2014) (reaffirming its prior holding in *Mitchell v. King Packing Co.*, 350 U.S. 260, 262 (1956), in which the Court held that time meat packers spent sharpening their knives was compensable because dull knives would slow down production on the assembly line, cause waste, lead to accidents, etc. and is an intrinsic element of their work); *Perez v. City of N.Y.*, 832 F.3d 120, 125 (2d Cir. 2016) (recognizing that donning and doffing of uniforms that are vital to the primary goals of one's work during a shift can be an integral and indispensable part of an employee's principal activities, and therefore compensable under the FLSA); *Morris v. Alle Processing Corp.*, No. 08-CV-4874, 2009 U.S. Dist. LEXIS 150559 (E.D.N.Y. Dec. 22, 2009) (granting conditional certification of a collective of food service employees who alleged they were not compensated for time spent donning and doffing an apron, a coat, boots, gloves, a hairnet, and a hardhat).

Defendant's position that donning and doffing a uniform or generic gear is not compensable

under the FLSA is misplaced. Uniforms are different than Sanitary Clothing that is *necessary and required* for all aspects of food production and the prevention of contamination of food products for the general public. *See generally Helmert v. Butterball*, 805 F. Supp. 2d 655, 661-62 (E.D. Ark. July 27, 2011) (addressing the *importance* of employees who wear sanitary clothing to perform their duties in food production to clearly be an indispensable and integral part of the job and is a benefit to the employer rather than the employee). The Sanitary Clothing Defendant's employees wear are not generic clothing or uniforms, they are designed to protect the public and necessary and required for them to complete all aspects of their job. Plaintiffs and others similarly situated cannot perform their job duties if they do not follow federally mandated sanitary practices because of the risk to the consuming public from adulterated food. That work time is therefore compensable under the FLSA.

When assessing whether compensable time should be considered *de minimis* and therefore not compensable, the Court must consider a number of factors including "(1) the practical administrative difficulty of recording the additional time; (2) the size of the claim in the aggregate; and (3) whether the claimants perform the work on a regular basis." *Perry v. City of New York*, 78 F.4th 502, 531 (2d Cir. 2023). There is no bright-line test to determine what amount of time donning and doffing is deemed *de minimis*. *Albrecht v. Wackenhut Corp.*, No. 07-cv-6162, 2009 U.S. Dist. LEXIS 88073, at *30-31 n.7 (W.D.N.Y. Sept. 24, 2009).

The issue of whether the amount of time is *de minimis* is fact-dependent and not ripe for the first step of conditional certification. *See Perez*, 832 F.3d at 127 (leaving the issue of whether the donning and doffing is *de minimis* to the district court because the argument is fact-dependent). "The *de minimis* doctrine is a limited, judicially-created exception to the FLSA's fundamental rule that employees must be paid for their work." *Perry*, 78 F.4th at 530.

Although the idea is to avoid focusing on small amounts, the Court in *Perry* agreed to look at the aggregate amount of time in which employees are entitled to compensation. In doing so, the Second Circuit agreed with the Fourth Circuit holding in *Perez v. Mountaire Farms*, 650 F. 3d 350, 378 (4th Cir. 2011), which stated, "[i]n applying the *de minimis* rule, we consider the aggregate amount of time for which the employees are otherwise legally entitled to compensation . . . Adopting [the defendant's] approach would undermine the purpose of the FLSA by allowing employers to parcel work into small groups of tasks that, when viewed separately, always would be considered *de minimis*." *Perry*, 78 F.4th at 531 (citing *Perez*, 650 F. 3d at 378). Accordingly, "an employee made to work a few minutes late every day for months has been 'required to give up a substantial measure of his time and effort,' . . . just as has an employee made to work several extra hours in a single day." *Id.* at 532 (citing *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 692 (1946)). Courts otherwise "would promote capricious and unfair results, for example, by compensating one worker $50 for one week's work while denying the same relief to another worker who has earned $1 a week for 50 weeks." *Id.* (citing *Lindow v. United States*, 738 F.2d 1057, 1063 (9th Cir. 1984)); *Addison v. Huron Stevedoring Corp.*, 204 F.2d 88, 95 (2d Cir. 1953).

The amount of time Plaintiffs and others similarly situated have spent donning and doffing is not *de minimis*, particularly when viewed in the aggregate. As Dr. Moulder provided in his Summary of Wage & Hour Data, approximately 93% of Defendant's employees spend on average 9 minutes per day donning and doffing Sanitary Clothing. (**Ex. A**). Indeed, Defendant admitted that it "utilizes a Kronos timeclock system, which employees activate individually using their assigned RFID badges," and that the "system is electronically integrated with Defendant's HR Information System, automatically recording the activation times of the RFID badges." (**Ex. B** at Response No. 3). Yet, despite this ability to precisely record work time, Plaintiff and others

8


similarly situated are "compensated only. . . starting from the time of their clock-in," regardless of when they arrive and/or clock in early to don their Sanitary Clothing. (*See Id*. at Response No. 5).

This certainly does not constitute the "trifles" or "[s]plit-second absurdities" contemplated by the *de minimis* doctrine. *Lindow*, 738 F.2d at 1062, citing *Anderson*, 328 U.S. at 692. Accordingly, the Court should grant Plaintiffs' Motion.

### C. Plaintiffs' proposed notice is appropriate.

#### 1. The statute of limitations period for FLSA notice should extend to three years prior to the Tolling Agreement.

FLSA claims are typically subject to a two-year statute of limitations unless the violation is willful, which extends the statute of limitations to three years. 29 U.S.C. § 255(a). District courts routinely apply the three-year statute of limitations when plaintiffs plead a willful violation of the FLSA. *See Cohen v. Gerson Lehrman Group, Inc.*, 686 F. Supp. 2d 317, 331 (S.D.N.Y. 2010). The Second Circuit *frequently* permits notice three years prior to the filing of the complaint. *Davella*, 2023 U.S. Dist. LEXIS 146610, at *29-30; *Pequero v. Montafon, LLC*, No. 18cv12187 (DF), 2020 U.S. Dist. LEXIS 125500, at *41 (S.D.N.Y. July 15, 2020) ("[T]he Court finds that the relevant period for this collective should run from [three years prior to filing of complaint] to the date of final judgment in the action."). Further, courts frequently grant equitable tolling while certain aspects of litigation are pending and a delay justifies application of the equitable tolling doctrine. *Chengxue Sun v. New G Nails & Spa Inc.*, Case No. 22-cv-5523, 2023 U.S. Dist. LEXIS 150449, at *15-16 (E.D.N.Y. Aug. 25, 2023). Specifically applicable here, when parties enter into a pre-litigation tolling agreement, the limitation period extends from the date that agreement was entered into. *Imbarrato v. Banta Mgmt. Servs.*, Case No. 18-cv-5422 (NSR), 2020 U.S. Dist. LEXIS 49740, at *3, n. 4 (S.D.N.Y. Mar. 20, 2020).

On October 23, 2023, prior to the commencement of this action, the Parties entered into a

9

voluntary Tolling Agreement. (**Exhibit C**). Plaintiffs' Counsel terminated the Tolling Agreement on February 15, 2024 and filed the Complaint immediately after, on March 15, 2024. When the Complaint was filed, the Parties requested a stay in order to mediate, but mediation was not held until December 6, 2024, largely due to multiple extensions requested by Defendant. (*See e.g.*, ECF Nos. 17, 19). Based on the Tolling Agreement and equitable tolling related to pursuing mediation, the FLSA notice period must date back to three years before the Tolling Agreement. As a result, FLSA notice should extend to October 23, 2020.

### 2. The scope of the proposed notice is not overly broad.

As explained in detail above, Plaintiffs have provided adequate support to show that the putative collective is similarly situated because they were all subject to the same donning and doffing of Sanitary Clothing requirement that was indispensable and integral to their work by protecting the public from contamination. Plaintiffs' allegations are at least corroborated and arguably explicitly admitted in Defendant's Answer and discovery responses. (ECF No. 10, ¶¶ 18-19, 39, 41-42; ECF No. 13, Exs. 2-6). Further, as Dr. Moulder's report details, 93% of employees with different job titles across a number of facilities average 9 minutes of unpaid time donning and doffing Sanitary Clothing. (**Ex. B**). Therefore, the putative collective should not be limited to just Sites 1 and 2, but rather extend to all food production employees since there is evidence that they are all similarly situated.

Otherwise, if the Court cannot approve Plaintiffs' proposed notice, Plaintiffs do not object to Defendant's request for the Parties to meet and confer within 30 days of the issuance of the Court's order to determine the content and form of notice.

### III.  CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant their Motion for Conditional Certification and Court-Supervised Notice to Potential Opt-In Plaintiffs.

Respectfully submitted,

**NILGES DRAHER LLC**

*/s/ Hans A. Nilges*
Hans A. Nilges (OH 0076017)
7034 Braucher Street NW, Suite B
North Canton, OH 44720
Telephone: 330-470-4428
Facsimile: 330-754-1430
Email:  hnilges@ohlaborlaw.com

Robi J. Baishnab (OH 0086195)
1360 E. 9th Street, Suite 080
Cleveland, OH 44114
Telephone: 216-230-2955
Facsimile: 330-754-1430
Email:  rbaishnab@ohlaborlaw.com

*Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on January 31, 2025, the foregoing was filed electronically with the Court. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ Hans A. Nilges*
*Counsel for Plaintiffs*

11